IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HENRY BARROWS,<br>#B-82577,<br><br>        Plaintiff,<br><br>   vs.<br><br>DR. LISA GOLDMAN,<br>JACOB WEATHERFORD,<br>MRS. COWAN,<br>REVA ENGELAGE, and<br>LAKIESHA CAMBY,<br><br>        Defendants. | Case No. 17-CV-1388-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Henry Barrows, an inmate currently housed at Menard Correctional Center ("Menard"), filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff brings claims relating to his suicide attempt in September 2017. In connection with these claims, Plaintiff sues Dr. Lisa Goldman (Mental Health Administrator), Jacob Weatherford (Mental Health Professional), Mrs. Cowan (Mental Health Nurse), Reva Engelage (Nurse), and Lakiesha Camby (Nurse). In his request for relief, Plaintiff seeks monetary damages.

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

1

(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id.* at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff has a history of injuring himself and has been diagnosed as having Schizoaffective disorder. (Doc. 1, p. 3). On September 18, 2017, Plaintiff was on suicide watch. (Doc. 1, p. 3). Plaintiff met with Weatherford, a Mental Health Professional with knowledge of Plaintiff's diagnosis and history of self-injury, and told him he had the urge to cut himself. *Id.* Weatherford said there was nothing he could do about that and directed an officer to return Plaintiff to his cell. *Id.*

Once in his cell, Plaintiff began to cut himself. *Id.* Plaintiff hit an artery and began bleeding. *Id.* Another inmate saw the blood and reported it to an officer. *Id.* Plaintiff was taken to the infirmary and Nurse Oakley and Correctional Officer Lohman (not defendants in this action) tried to stop the bleeding. *Id.* A physician was contacted and he was also unable to stop the bleeding. *Id.* An ambulance was called and Plaintiff was taken to Chester Memorial

2

Hospital, where he received an emergency operation. *Id.*

When Plaintiff returned from the hospital, he met with Cowan, a nurse, who completed a mental health evaluation. *Id.* Cowan then contacted the Mental Health Administrator, Goldman, regarding how to proceed. *Id.* Goldman told Cowan to take Plaintiff off of suicide watch. *Id.* When Nurse Cowan relayed Goldman's decision, a correctional officer (also by the name of Cowan, but not a defendant in this action) was surprised. (Doc. 1, p. 4). He asked if Goldman knew that Plaintiff had just tried to kill himself. *Id.* Nurse Cowan answered affirmatively. *Id.* Officer Cowan told Nurse Cowan to call Goldman back. *Id.* Nurse Cowan left and when she returned she confirmed that Goldman's directive was to take Plaintiff off of suicide watch. *Id.* Officer Cowan said, "Are you fucking kidding me, this guy almost killed himself, and he's telling you he's going to keep cutting, and she's taking him off watch?" *Id.* Nurse Cowan said Goldman was a new and Officer Cowan said he was going to call the shift commander. *Id.*

At approximately 12:30 a.m., Plaintiff was sent to his cell and was not placed on suicide watch. *Id.* Plaintiff proceeded to rip the stitches from his previous injury and attempted to cut his artery. *Id.* He was unable to cut that artery and began cutting at another artery. *Id.* Plaintiff was taken to the Healthcare Unite and Engelage, a nurse, was able to stop the bleeding.

Once the bleeding was stopped, Engelage and Camby, another nurse, discussed how to close the injury (the arm where Plaintiff had ripped out the stitches). *Id.* They attempted to use steri Strips, but the steri Strips were not working. *Id.* The nurses discussed treatment options. *Id.* They both agreed the wound needed to be re-stitched, was too wide and deep for steri strips, and that because it was a surgical wound, the risk for infection was high. *Id.* Regardless, the nurses still decided to only use steri strips to close the wound. *Id.*

The following morning, Plaintiff met with Goldman. *Id.* She indicated that she cared

3

about Plaintiff and asked him to stop cutting himself. *Id.* Plaintiff disagreed and questioned her decision to take him off of suicide watch. (Doc. 1, p. 5). Goldman indicated the decision was based on medical judgment and would not discuss it with Plaintiff any further. *Id.*

### **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

> **Count 1 –** Eighth Amendment deliberate indifference claim against Goldman, Weatherford, and Cowan for disregarding Plaintiff's risk of suicide on or about September 18, 2017.
>
> **Count 2 –** Eighth Amendment deliberate indifference claim against Engelage and Camby for closing Plaintiff's wound with seri strips and not referring Plaintiff for stitches.

### **Count 1**

Suicide, attempted suicide and other acts of self-harm clearly pose a "serious" risk to an inmate's health and safety, and may provide the foundation for deliberate indifference to medical needs and failure to protect claims. *See Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006) (quoting *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001)); *see also Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 665 (7th Cir. 2012) ("[P]rison officials have an obligation to intervene when they know a prisoner suffers from self-destructive tendencies."). At the same time, courts have recognized that "[s]uicide is inherently difficult for anyone to predict, particularly in the depressing prison setting." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001); *see also Collignon v. Milwaukee Cty.*, 163 F.3d 982, 990 (7th Cir. 1998) ("No one can predict suicide with any level of certainty [.]"). Where the harm at issue is a

4

suicide or attempted suicide, deliberate indifference requires "a dual showing that the defendant: (1) subjectively knew the prisoner was at substantial risk of committing suicide and (2) intentionally disregarded that risk." *Collins*, 462 F.3d at 761 (citations omitted).

Considering the above authority, the Court finds that the Complaint states a plausible claim for deliberate indifference. Accordingly, **Count 1** shall proceed against Goldman, Weatherford, and Cowan.

### Count 2

State officials also violate the Eighth Amendment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); Chatham v. Davis, 839 F.3d 679, 684 (7th Cir. 2016). To state a claim, a plaintiff must demonstrate that he suffered from a serious medical condition (i.e., objective standard) and the state official responded with deliberate indifference (i.e., subjective standard). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

The Complaint includes allegations that satisfy both components of this claim as to Engelage and Camby. According to the Complaint, both nurses acknowledged that Plaintiff's surgical wound was too deep and too wide to be closed safely with seri strips. They both acknowledged that Plaintiff needed stitches and that his risk of infection was high. Nonetheless, the nurses proceeded to close his wound with seri strips. These allegations are sufficient, at the pleading stage, to allow the claim to proceed. Accordingly, **Count 2** shall receive further review as to Engelage and Camby.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** shall receive further review as to **GOLDMAN, WEATHERFORD,** and **COWAN.**

**IT IS FURTHER ORDERED** that **COUNT 2** shall receive further review as to **ENGELAGE** and **CAMBY.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **GOLDMAN, WEATHERFORD, COWAN, ENGELAGE,** and **CAMBY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate

Judge Williams for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 25, 2018**

s/ MICHAEL J. REAGAN
**Chief Judge**
**United States District Court**