IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| HENRY BARROWS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-1388-MJR-SCW |
| | ) | |
| DR. LISA GOLDMAN, | ) | |
| JACOB WEATHERFORD, | ) | |
| MRS. COWAN, | ) | |
| REVA ENGELAGE, | ) | |
| and LAKIESHA CAMBY,[1] | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

**REAGAN, Chief Judge:**

This is a prisoner civil rights lawsuit under 42 U.S.C. 1983, filed by Henry Barrows, when he was incarcerated at Menard Correctional Center (he now is housed at Pontiac Correctional Center) and presenting claims of deliberate indifference, in violation of the Eighth Amendment to the United States Constitution. Five Defendants are named herein. Four Defendants (Camby, Cowan, Engelage, and Goldman) answered on April 13, 2018 and are referred to as the "IDOC Defendants." The fifth Defendant (Weatherford) answered on May 29, 2018. Both answers raised affirmative defenses, including the alleged failure to exhaust administrative remedies.

---

[1] Subsequent pleadings (e.g., Docs. 11, 28) have identified Mrs. Cowan as Amanda Cowan and corrected Lakiesha Camby to "Lakesha Hamby." The Clerk's Office **shall correct the docket sheet** to reflect these updated names, and the parties shall use the corrected names in all future filings herein.

The IDOC Defendants moved for summary judgment based on lack of exhaustion on July 20, 2018 (Docs. 27-28). Defendant Weatherford moved for summary judgment based on lack of exhaustion on July 23, 2018 (Docs. 29-30). Plaintiff Barrows timely responded to the motions (Doc. 32). The Magistrate Judge assigned to the case (the Honorable Stephen C. Williams) held a hearing on the motions, heard testimony, received documentary evidence, and took the motions under advisement.

Now before the Court is a Report and Recommendation submitted by Judge Williams (Doc. 40, R&R). The thorough and detailed 15-page R&R recommends that the undersigned deny both summary judgment motions. The R&R plainly stated that any objection must be *filed* by December 3, 2018. That date passed, with neither an objection nor a motion for extension of the objection deadline filed. Because no objection was lodged against the R&R, the undersigned need not conduct de novo review of the R&R. **28 U.S.C. 636(b)(1)(C) (A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.);** *Thomas v. Arn,* **474 U.S. 140 (1985);** *Johnson v. Zema Systems Corp.,* **170 F.3d 734, 741 (7th Cir. 1999);** *Video Views Inc., v. Studio 21, Ltd.,* **797 F.2d 538 (7th Cir. 1986).**

The Court **ADOPTS** in its entirety Judge Williams' R&R (Doc. 40) and **DENIES** Defendants' summary judgment motions (Docs. 27 and 29).

IT IS SO ORDERED.

DATED December 4, 2018.

                                                       *s/ Michael J. Reagan*
                                                       Michael J. Reagan
                                                       United States District Judge