UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| HENRY BARROWS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No: 17-cv-1388-MJR-SCW |
| LISA GOLDMAN, JACOB WEATHERFORD, AMANDA COWAN, REVA ENGELAGE, and LAKESHA HAMBY, | ) ) ) ) ) |
| Defendants. | ) |

## AMENDED COMPLAINT

COMES NOW the Plaintiff, Henry Barrows, by his attorneys, Baker Sterchi Cowden & Rice LLC, and for his Amended Complaint against Defendants, and each of them, and states as follows:

**Jurisdiction**

1. This court has subject matter jurisdiction of the matter pursuant to 28 U.S.C.A.§§ 1343(2)(3) and 1331 in that this matter arises under the laws of the United States and seeks to redress deprivations under color of law of the rights, privileges and immunities secured by the Eighth Amendment to the United States Constitution and Title 42, U.S.C.A., Section 1983 and 1988, and, pleading in the alternative, for willful and wanton medical care and treatment under State of Illinois law.

**Venue**

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) because at the time of the incidents at issue herein the plaintiff resided at Menard Correctional Center which is a part of Illinois Department of Corrections (IDOC).

1

**Exhaustion of Administrative Remedies Administrative Procedures**

3. The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Warden J. Lashbrook has not answered plaintiff's emergency grievance or written inquiry. Counselor Nippe has not answered plaintiff's grievance or written inquiry. Plaintiff has given Mental Health Administrator Dr. Goldman a grievance personally which she alleged that she has turned in to a counselor, however when plaintiff inquired on which counselor, she stated that she did not know because her secretary is who did it. Goldman has continued to give Plaintiff the run around. Plaintiff's grievance procedure has been blocked by prison officials who refuse to carry out their duties. These officials are not in compliance with 20 Ill. Admin. Code Section 504.840; Fletcher v. Menard C.C. 623 F.3d 1171,1174 (7th Cir. 2010); and Thornton v. Snyder 428 F. 3d 690, 644 (7th Cir. 2003).

**Parties**

4. At all relevant times hereto, Plaintiff, Henry Barrows was an inmate incarcerated at Menard Correctional Center in Menard, Illinois.

5. Defendant Dr. Lisa Goldman was at all relevant times hereto, employed as the Mental Health Administrator (MHA).

6. Defendant Jacob Weatherford was at all relevant times hereto, employed as the Mental Health Professional (MHP).

7. Defendant Amanda Cowan was at all relevant times hereto, employed as the Mental Health Nurse (MHN).

8. Defendant Reva Engelage was at all relevant times hereto, employed as a nurse in the Health Care Unit.

9. Defendant Lakesha Hamby was at all relevant times hereto, employed as a nurse in the Health Care Unit.

**Facts**

10. On September 25th, 2017, the Plaintiff was placed on a suicidal 15-minute close supervision watch after he informed MHP Jacob Weatherford that he had the urge to cut himself. Weatherford knows that plaintiff has a history of self-injurious behavior and that he is diagnosed with Schizoaffective disorder an acute mental illness. Weatherford told Plaintiff "it was unfortunate he felt that way, but it was nothing he could do about it." Weatherford directed a correctional officer to move Plaintiff back to his cell.

11. Upon Plaintiff's placement in his cell, Plaintiff began to cut himself eventually hitting the AC artery. Once the blood was noticed by an inmate galley worker the officers were notified, and Plaintiff was taken to the infirmary.

12. In the infirmary Nurse Oakley and Correctional Officer Lohman tied a tourniquet around Plaintiff's arm and sent Plaintiff to the Health Care Unit. The Health Care Unit nurses and the doctor could not stop the bleeding. Medical staff called the outside hospital to come and get the Plaintiff whom by now blood pressure was getting low.

13. Plaintiff was rushed to Chester Memorial Hospital. At the hospital Plaintiff underwent an emergency operation. Plaintiff returned to Menard Correctional Center the same day. Once back at Menard, Plaintiff spoke with Mrs. Amanda Cowan. Cowan did a mental health evaluation on the Plaintiff. After the evaluation Cowan called Dr. Lisa Goldman, regarding how to proceed. Goldman instructed Cowan and the correctional officers to take the Plaintiff off watch.

14. Correctional Officer Cowan asked Nurse Cowan: "does she know that this guy almost killed himself?" Nurse Cowan replied: "yes". Officer Cowan said: "call her back and make she knows exactly who you are talking about and who she is taking off watch." Nurse Cowan left and came back and said: "she said to take him off watch." Officer Cowan said: "are you fucking kidding me, this guy almost killed himself, and she's taking him off watch?" Nurse Cowan replied: "she's new she came from another state." Officer Cowan then stated he was going to call the shift commander to "cover his own ass".

15. As a result, Plaintiff was sent to North 2 Cell 209, not on suicide watch.

16. Around 12:30 AM Plaintiff ripped the stitches from his arm attempting to cut the artery but could not. Plaintiff then cut his other artery. Plaintiff was taken to the Health Care Unit. Once in the Health Care Unit Nurse Reva Engelage stopped the bleeding.

17. Nurse Engelage and Nurse Lakesha Hamby tried to put steri-strips on the wound that Plaintiff ripped the stitches from. After discussion, both nurses agreed that the wound was too wide and deep for steri-strips, and because it was a surgical wound it risked infection, therefore the wound should be re-stitched. However, the nurses put the steri-strip's on top of the open wound without stitching. Stating that Plaintiff should not have ripped the stitches out. Plaintiff was then placed in four-point restraints.

18. Dr. Goldman visited Plaintiff in the morning, stating that she cared about plaintiff's well-being can he please stop cutting. Plaintiff asked Goldman how could she care about plaintiff's well-being when she took plaintiff off watch and he almost killed himself the first time. Goldman replied that it was her medical judgement to take plaintiff off suicide watch. Plaintiff asked Goldman if she thought her decision was sound judgment. Goldman replied to plaintiff that he did not have the education or authority to question her medical judgement and she would not discuss the matter.

4

19. Plaintiff was deprived of his rights as guaranteed by the Constitution of the United States of America, including the 8th and 14th Amendments, in that each acted with willful and wanton disregard to plaintiff's serious medical health needs, including deliberate indifference to his rights by failing to keep Plaintiff on watch or restrain him from self-harm after he repeatedly showed signs of self-injurious behavior and had been diagnosed as having Schizoaffective disorder and failing to render medical attention while plaintiff was known to be self-injurious and injured himself as a result.

20. Plaintiff suffered physical and mental injury, pain and suffering, disfigurement, disability, and required additional medical intervention as a result of Defendants' conduct. Plaintiff seeks compensatory damages in an amount to be determined by a jury and for punitive damages to deter Defendants and others from like conduct

WHEREFORE, the Plaintiff prays that judgment be entered on his behalf against each Defendants, for his attorney's fees and costs herein, and such other and further relief as this Court deems just and proper.

>BAKER STERCHI COWDEN & RICE LLC
>
>By  /s/ Michael B. Hunter_____
> Michael B. Hunter, #06239177
> 100 North Broadway, 21st Floor
> St. Louis, MO 63102
> (314) 345-5000
> (314) 345-5055 (facsimile)
> mhunter@bscr-law.com
>
>ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

       I hereby certify that on the 27th day of June, 2019, I electronically filed the foregoing with the Clerk of the Court using the Missouri Courts electronic filing system, which sent notification of such filing to all counsel of record as identified below. I further certify that I signed, or caused my electronic signature to be placed upon, the original of the foregoing document.

Megan Ditzler
Assistant Attorney General
500 South Second Street
Springfield, IL 62701
mditzler@atg.state.il.us
*Attorneys for Lisa Goldman,*
*Amanda Cowan, Reva Engelage and*
*Lakesha Hamby*

Alison Matusofsky
Cassiday Schade LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
amatusofsky@cassiday.com
*Attorneys for Jacob Weatherford*

                                                                    /s/ Michael B. Hunter

4822-6353-2185v.1